This is our last case of the day, 410-158. Decatur Police Benevolent and Protective Association Liberty Committee v. City of Decatur show appearance of Shane M. Voiles. Does that pronounce correctly? Yes. For the appellant and John T. Robinson for appellee. Okay, Mr. Voiles, you may proceed. I would like to thank the court for granting a request for oral argument. This is one of those cases where I believe I'm running a risk here of maybe saying too much. I believe the law is fairly on our side, especially that Menard v. Jonko case out of this district. And the facts are on our side as well. If you review C-34, you really have to search through that page to find an instance. The use of the word days is not preceded by the word business days. But sure enough, I found it. I'm the one that is responsible for opening this can of worms, as it were. So I thought it's only proper to use the request for oral argument and be present to argue our side. Another matter I do want to bring up. I reviewed my brief and it seems a little harsh on Judge Weber. Judge Weber has been on the bench for about 20 years. I recall pleading guilty to a speeding ticket in front of him when I was in high school. He's a good judge, but really that's just a function of the standard of review. And I do have to show that there is an error by the trial court below for us from that title to relief. Did arbitration occur in this case? No. We went to court to get an order to go to arbitration, and that's what was denied. I could go through the legality of the situation, but really I think a good starting point here is to just pick up at the end of the Menard case, where this court said the matter is not so clear that it should have been ruled upon initially by the court without consideration by the arbitrator. And that's really, no matter what terms you use to describe the standard, that's really what the standard is. Is this issue so clear? When was that case decided? It was 2003. Has there been a change from the Supreme Court of Illinois or other cases that would render that holding different or possibly suspect at this point? Not as of March 22nd. I couldn't tell you since then. But this court actually relied upon the Donaldson case, which is a Supreme Court case. And I believe Salt Suspect v. Christ also is a Supreme Court case. But that's really the standard. Only if the trial court below could look at this issue and say this is obviously something the parties did not agree to arbitrate. Should it have been active in that instance and denied the motion to compel arbitration? Otherwise, it should have deferred to the arbitrator. And that's really the essence of the error that we claim here, is that the trial court got involved in the situation where it really didn't need to. In the case of the strike, it should have been deferred to the arbitrator. When, if ever, would it be appropriate for the trial court to decide this kind of an issue? Using the word clear is kind of like using the word beauty. Look, the trial court has to be able to say, I think the Supreme Court said, with positive assurance that the matter is so clear that there's really only one way to decide it. I suppose you could analogize it to a summary judgment issue, a factual matter on summary judgment. If the jury could only find one possible way, then the court should go ahead and step in on the summary judgment situation. And I think that analogy is probably proper because the act itself does say this is supposed to be a summary determination by the trial court. But this is not one of those issues where it was so clear. What Days means has been the subject of appellate court decisions. Not only what Days means within statute, but obviously what it might mean within contract. And that was really what the trial court below was deciding, was what the term Days meant. And of course, to mark one of you, it didn't bother to consider the context that it was used in. Which is one thing that an arbitrator would do. That's really, this is on appeal, and it's been an issue of litigation for a long time. It's really very straightforward, very simple. What does Days mean, should the trial court have even gotten involved in that situation? From our point of view, it wasn't so clear that it should have decided that issue. The trial court, if it was going to decide the issue, would have to get into a contractual interpretation. And we asked it to refer the matter to an arbitrator, and it did not. And that's still what we see as a court of arbitration. Okay, thank you, counsel. Thank you. Mr. Robinson? May it please the court. Counsel? I'd like to first talk a little bit about conditions preceding gateway procedural issues and substantive arbitrability. This case sort of hinges on an analysis of what those terms mean. It is clear under the law in this district and the Illinois Supreme Court, and even up to the United States Supreme Court, that whether a party to a contract is satisfied a condition preceding is, in the first instance, a matter for the courts. The appellant urges that this court's holding in Menard should be read to read that timely demand can never be considered a condition preceding, that it is always a gateway procedural issue, and therefore always for the arbitrator. But that disregards the facts upon which Menard and Carpentersville and ATU and even Donaldson were decided. The appellee urges that this is a case where there is no question that the parties intended that the timeliness issue would be an issue that would be taken up before court, that it would come as a matter of surprise to the parties to understand that the timeliness of the demand for arbitration would be a matter deferred by the court to the arbitrator, and that a party then, specifically appellee in this case, could be forced to arbitrate a matter it had not agreed to arbitrate. We believe that the law is clear that the city cannot be forced to arbitrate unless it has agreed to arbitrate. Now, the case law seems to favor the case law interpreting the Uniform Arbitration Act, which Illinois has adopted. It has not adopted the revised Uniform Arbitration Act. But the case law seems to suggest that in interpreting collective bargaining agreements, the preference is to defer to arbitrability of disputes. However, even in matters of substantive arbitrability, the Donaldson Court held that even substantive arbitrability questions may be questions for a court in the first instance to decide before the parties are forced to arbitrate. We think that the cases cited by Appellant here, Menard, are distinguishable because describing them all together, they involve procedural gateway issues that have to be resolved before the timeliness issue can be addressed. They preclude a pure consideration of just the timeliness issue. At Menard, the factual questions at issue were which of two letters of the housing authority commenced the 30-day time limitation. Whether the letters were sent by the housing authority's contracting officer and whether John Coe exhausted its remedies prior to invoking arbitration. Only then could the court reach the core timeliness issue, which as the court phrased it, is whether John Coe forfeited its right to arbitration by failing to take timely action. I think under the facts of this case, Justice Cook would not have reversed Judge Pope in that case. I think the Fourth District would find that under the reasoning of Menard, that the very clear timeliness issues posed under the facts of this case leaves the court no alternative. Well, how clear is this 10-day issue? That's what we're talking about, isn't it? Yes. There are no uncertainties surrounding that? The language is very clear. It is the FLE concedes that there are other uses of business days in the contract and specifically in that section of the contract. But unlike the case cited by plaintiff urging a reading of an act created by the General Assembly to sort of fix an omission of business or calendar days when it was omitted, this is a contract. There is presumably consideration, a bargain for, for the words in this contract. Well, but the, for instance, the provision talking about the written grievance may be referred to arbitration by notifying the city manager's office in writing within 10 days after the city manager's decision. Does that mean when received, when sent, when the communication has been received? Does any of that matter? Since we're talking about, by the way, like at the 11th day, wouldn't one of these interpretations affect the outcome? As the trial court held, there's no mailbox rule. There's no postmark rule. Why is there no mailbox rule? It simply says 10 days. Mailbox rule comes through the... Well, but it's interesting. I think this is one of the first courts to apply the mailbox rule and there was no, nothing in the statute or rules anywhere else, I think, but so provided we just judicially construed it. Why couldn't the arbitrator do the same here with regard to the 10-day rule? The arbitrator could. Certainly the arbitrator could. Well, if the arbitrator could, then how can it be said that this is, what's the phrase, clear in the absence of no dispute or however it works so that the court can just address this without having to worry about what an arbitrator might say? Of course, reasonable minds can differ on whether it means postmark, whether it means receive, whether it means sent by email, but it is still very clear. Days are days, and business days are distinguishable from days, but there's very few ways to read days. You can read weekdays, you can read Thursdays, you can read business days, but a day is a day. And there is almost, there is no way of reading day that brings the notice of intent to arbitrate within 10 days. Similarly, the amalgamated transit union versus RTA case is distinguishable, and the court in that case held that the notice requirements in the collective bargain agreement did not constitute conditions precedent, but at issue in ATU were some pretty hefty issues similar to what Justice Steigman, you have raised regarding the meaning of days, and whether received on or postmarked by. And those issues included the date on which the grievance arose, triggering the time requirements, the representative of the employer to whom the grievance should have been submitted, and significantly, and this is huge, whether the union followed the agreed upon steps of the grievance procedure. These are all things that are peculiarly within the knowledge and ability to determine within the context of collective bargaining agreements of an arbitrator. But the term days is, it seems to me, a matter that decides whether the parties agreed that the matter could be arbitrated or not. And similarly in Carpentersville, at issue there was whether Mayfair Construction had complied with procedures specified for arbitration. That case involved huge factual issues of change orders, work additions, ongoing relationship between the construction company and the village at the end of the contract. So it's distinguishable. Appellant urges that this court find that the timeliness of the demand to arbitrate is a gateway procedural issue. And urges that the court consider Carpentersville, ATU, and Menard and the holdings in those cases, but the argument must fail. Because no Illinois case holds that in every timeliness issue, the issue is best left to the arbitrator to decide. The Carpentersville, Menard, and ATU cases, really, they outline the outer reaches of the court's willingness to say, we'll stay away from interpreting contracts to decide whether the benefit of the bargain included a decision to arbitrate wherever we can. And none of them has as clear a factual issue as is presented in this case. And finally, I'll just say that the defendant in this case urged in its brief that the subject matter of the appellant's grievance, whether the parties agreed to arbitrate removal of Master Police Officer Doswell's designation, is not subject to arbitration because the collective bargaining agreement fails to clearly state whether it is or it is not. And I will concede that the appellee did not cross appeal on that issue. And simply remind the court that even in Donaldson, the court held that in addition to procedural matters of arbitrability in the nature of conditions precedent, the court also retains jurisdiction or has jurisdiction to determine, in the first instance, substantive arbitrability. And with that said, thank you. Thank you, counsel. Mr. Boyles, anything in rebuttal? Nothing. Okay. Thank you, gentlemen. The court will take this matter under advisement.